Dear Mr. Kirkpatrick:
This opinion is in response to three questions which you have posed relative to Conference Committee Substitute for House Bill No. 56, First Regular Session, 80th General Assembly, which will become effective September 28, 1979, with respect to the exemption of an area from the application of the laws prohibiting the sale of certain items on Sunday. The questions you ask are:
 "Would the petition be sufficient if the signatures of the registered voters in each jurisdiction equal to eight per cent of the votes cast in the next preceding gubernatorial election were verified by each governing body?
 "If the petition so submitted is found to be sufficient by all governing bodies, what entities would call the election?
 "In an `area' election who is responsible for payment of election costs?"
Conference Committee Substitute for House Bill No. 56 provides in pertinent part:
 "Section 1. 1. As used in this section, the term `area' includes all cities not within a county, all first class counties having a charter form of government and adjoining such cities not within a county and all first class counties which adjoin such first class counties having a charter form of government and adjoining cities not within a county; and the term `county' means any county of this state not within an area.
 "2. In addition to the counties which may exempt themselves from the application of section 578.100, RSMo, under the provisions of section 578.100, RSMo, or section 578.105, RSMo, any other county or area may also exempt itself from the application of section 578.100, RSMo, by a vote of the qualified voters of the county or area; provided that, before any area may so exempt itself from the provisions of section 578.100, RSMo, the qualified voters of each city not within a county and each county within such area shall vote on the proposal for exemption from the provisions of section 578.100, RSMo, at the same election and a majority of the total votes cast in such area shall be in favor of the proposal before either such city or any of such counties may be exempted from the provisions of section 578.100, RSMo.
 "3. In order to exempt itself from the provisions of section 578.100, RSMo, the county or area shall submit the proposition to the voters of the county or area at any election, and the proposition shall receive a majority of the votes cast. The proposition to exempt the county from the provisions of section 578.100, RSMo, shall be submitted to the voters of the county upon a majority vote of the governing body of the county or when a petition requesting the submission of the proposition to the voters and signed by a number of registered voters residing in the county equal to eight percent of the votes cast in the county in the next preceding gubernatorial election is filed with the governing body of the county. When a petition signed by a number of registered voters residing in the area equal to eight percent of the votes cast in the area in the next preceding gubernatorial election requesting the submission of a proposition to exempt the area from the provisions of section 578.100, RSMo, is filed with each of the governing bodies of the area, the proposition shall be submitted to the voters of the area. The ballot of submission shall contain, but need not be limited to, the following language:
To exempt _______________ county (or the area
consisting of _______________________ city and
___________________ counties) from the Sunday
sales law.
[ ] Yes [ ] No
 If a majority of the votes cast on the proposal by the registered voters voting thereon in the county or area are in favor of the proposal, then the provisions of section 578.100, RSMo, shall no longer apply within that county or area. If a majority of the votes cast on the proposal by the registered voters voting thereon in the county or area are opposed to the proposal, then the provisions of section 578.100, RSMo, shall continue to apply and be enforced within that county or area. The exemption of the county or area from the provisions of section 578.100, RSMo, shall not become effective in that county or area until the results of the vote exempting the county or area have been filed with the secretary of state and with the revisor of statutes and have been certified as received by those officers. The revisor of statutes shall note which counties or areas are exempt from the provisions of section 578.100, RSMo, in the Missouri revised statutes."
We understand the word "jurisdiction" in your first question to mean a city not within a county or any of the counties within an "area".
We interpret your first question to ask whether a petition would be sufficient if portions or parts of such petition signed by the number of registered voters in each jurisdiction within an "area" equal to at least eight percent of the votes cast at the preceding election for governor in each such jurisdiction are filed with the governing body of each such jurisdiction in which the voters are registered.
The above law clearly provides that when a petition signed by a number of registered voters residing in the area equal to eight percent of the votes cast in the area in the next preceding gubernatorial election requesting the submission of a proposition to exempt the area from the provisions of Section 578.100, RSMo, is filed with each of the governing bodies of the area, the proposition shall be submitted to the voters of the area.
We interpret the quoted statutory language to mean that it would be proper for such portions or parts of the original petition to be filed with the governing bodies of the respective jurisdictions of the area in which the signers are registered voters and verified by the election authorities of such respective jurisdictions. If such verification confirms that the signatures of registered voters in each jurisdiction equal eight percent of the votes cast in such jurisdiction in the next preceding gubernatorial election, such petition would be sufficient and the proposition should be submitted to the voters of each "jurisdiction" comprising the area.
You ask what entities have authority to call such election. If the parts of the petition are submitted to the governing body of each jurisdiction and determined to be sufficient through verification by the proper officer or officers in each jurisdiction, the proposition shall be submitted to the voters of the area. It is our view that the governing body of each such jurisdiction must call the election and that such governing bodies constitute the "officer or agency" required to notify the election authorities responsible for conducting the election in each jurisdiction under Section 115.125, RSMo.
Your next question asks who is responsible for payment of election costs in an "area." The election costs are determined according to the general election laws. In this respect see Sections 115.063, RSMo, et seq.
We believe this answers your three questions.
CONCLUSION
It is the opinion of this office that in an "area" election under Conference Committee Substitute for House Bill No. 56 of the First Regular Session, 80th General Assembly, concerning Sunday sales, a petition for an election would be sufficient if the governing body of each county or city not within a county within the area verifies petition signatures of registered voters in each such county or city equal to eight percent of the votes cast in the next preceding gubernatorial election in such county or city. The respective governing bodies in the "area" would call the election and the costs of the election would be paid as in the case of costs of elections according to the general election laws.
The foregoing opinion, which I hereby approve, was prepared by my Assistant John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General